ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM*
hThe Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Rene F. Rocha, III, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to honor board proceedings pending against petitioner at his law school. We subsequently granted petitioner permission to sit for the bar exam, with the provision that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Rocha, 11-1506 (La.7/12/11), 67 So.3d 470.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. During its investigation, the Committee learned that petitioner had defaulted on a debt owed to his bank. Following a hearing in the matter, the commissioner filed his report with this court, recommending admission be granted, subject to a two-year period of probation. Neither petitioner nor the Committee objected to that recommendation.
Considering the commissioner’s recommendation, and the absence of any objection from the Committee, we conclude petitioner is eligible to be admitted to Lthe practice of law in Louisiana on a conditional basis. The term of this conditional admission shall be for two years, and shall commence from the date petitioner, the Office of Disciplinary Counsel (“ODC”), and the probation monitor execute a formal probation plan. During the probationary period, petitioner shall provide evidence to the ODC, on at least a quarterly basis, demonstrating that he has made a good faith effort to satisfy his financial obligations. Should petitioner fail to make a good faith effort to satisfy his financial obligations, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other *266 discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.
VICTORY, J., dissents with reasons.

 Chief Justice Kimball not participating in the opinion.